**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAVANNA STEPHENS BEY, JR., | : | |
| | : | Civil Action No. 13-1301 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GERALDINE COHEN, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

**RAVANNA STEPHENS BEY, JR.**, Petitioner pro se
207148
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, N.J. 08330

**SIMANDLE**, Chief Judge

Petitioner Ravanna Stephens Bey, Jr. ("Petitioner") filed a Petition for a Writ of Habeas Corpus challenging his pre-trial detention at the Atlantic County Justice Facility in Mays Landing, New Jersey.  For the reasons expressed below, this Court will construe the matter as a habeas petition pursuant to 28 U.S.C. § 2241, dismiss the petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey, and deny a certificate of appealability.  *See* 28 U.S.C. § 2254, Rule 4.

## I. BACKGROUND

Petitioner is challenging his pre-trial detention in Atlantic County Justice Facility arising from state criminal charges.  He raises the following grounds for relief:

> A.  False arrest/false imprisonment: Petitioner was unlawfully seized without ever being booked, printed or photographed...
>
> B.  Jurisdiction of the Proclamations inclusive of the Thirteenth Amendment...
>
> C.  Petitioners [sic] right under the Moorish American National Republic Government to a Republican Form of Government, it shall be admitted as a state in the union on equal footing as other states...
>
> D.  Personal and Subject Matter Jurisdictional Challenges and "Delegation of Authority Orders" in support thereof from Congress ...
>
> E.  Diversity of Naturalization...
>
> F.  The Union...

(Pet. 1-3, ECF No. 1.)  Petitioner states that he "appealed" the state court decisions by filing two cases with this Court.  *See* 12-514 (RBK) and 12-6783 (RBK).  Both cases were dismissed.  Petitioner has not exhausted any of the claims raised in the instant petition in state court.  (Pet. ¶ 10.)  As relief, he requests discharge from state custody.

## II.  DISCUSSION

### A.  Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and

2

be signed under penalty of perjury. *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

**B. Analysis**

As the Court stated in its prior decision in *Bey v. Cohen*, Civil Action No. 12-6783 (RBK), in which the Petitioner raised nearly identical claims, a district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). This Court has jurisdiction over the Petition under 28 U.S.C. § 2241 and construes the Petition as such. While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pre-trial habeas corpus Petition, it is clear that such relief should not be granted.

Petitioner asks this Court to grant pre-trial habeas relief based on grounds related to his arrest and state pre-trial proceedings thus far. The problem with the Petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."

3

*Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)).  Indeed, "for

purposes of pre-trial habeas relief . . . a denial of speedy trial alone, and without more, does not

constitute an 'extraordinary circumstance'" warranting habeas relief.  *See Moore*, 515 F.2d at 448.

Moreover, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court

interference in pending state criminal proceedings.   As the Supreme Court explained over 100

years ago,

> We are of the opinion that while the . . . court has the power to do so,
> and may discharge the accused in advance of his trial if he is
> restrained of his liberty in violation of the national constitution, it is
> not bound in every case to exercise such a power immediately upon
> application being made for the writ. We cannot suppose that congress
> intended to compel those courts, by such means, to draw to
> themselves, in the first instance, the control of all criminal
> prosecutions commenced in state courts exercising authority within
> the territorial limits, where the accused claims that he is held in
> custody in violation of the constitution of the United States. The
> injunction to hear the case summarily, and thereupon 'to dispose of
> the party as law and justice require,' does not deprive the court of
> discretion as to the time and mode in which it will exert the powers
> conferred upon it. That discretion should be exercised in the light of
> the relations existing, under our system of government, between the
> judicial tribunals of the Union and of the states, and in recognition of
> the fact that the public good requires that those relations not be
> disturbed by unnecessary conflict between courts equally bound to
> guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Petitioner is to exhaust his constitutional claims before all three

levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court

in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Moore*, 515 F.2d at

449.  As the Third Circuit observed in regard to a pretrial § 2241 petition asserting violation of

4

the right to a speedy trial,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

*Moore*, 515 F.2d at 449; *see also United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225-227 (5th Cir. 1987); *Atkins v. State of Michigan*, 644 F.2d 543, 545-547 (6th Cir. 1981); *Carden v. State of Montana*, 626 F.2d 82 (9th Cir. 1980).  As exceptional circumstances of peculiar urgency do not exist in this case, Petitioner is not entitled to a pretrial Writ of Habeas Corpus and this Court will summarily dismiss the Petition.

### III.  CERTIFICATE OF APPEALABILITY

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### IV. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.


**March 11, 2013**                                    **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                   Chief United States District Judge

5